John D. Yale vs. The West Middle School District.

Hartford Dist., Oct. T., 1890. Andrews, C. J., Carpenter, Loomis, Seymour and Torrance, Js.

Section 2118, Gen. Statutes, provides that the public schools of the districts "shall be open to all children over four years of age in the respective districts;" § 2224 provides for the enumeration of all children of school age "who shall belong to such district;" and § 2227 for a return by the enumerators of children "residing within the school districts." Held not necessary that a child should be domiciled in the district, but enough if it is residing in the district in the ordinary sense of that term.

And held that a child of school age whose parents resided in another state, but who had lived for several years, and expected to continue to live, in the family of a domiciled resident of the district, was entitled to the privileges of the district school.

[Argued October 7th—decided November 19th, 1890.]

Suit for an injunction to restrain the defendant school district and its officers from interfering with the attendance of a child upon the public school of the district; brought to the Superior Court in Hartford County, and heard before *Thayer, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is fully stated in the opinion.

*C. E. Gross,* for the appellant.

*T. M. Maltbie*, for the appellee.

ANDREWS, C. J.   The plaintiff is, and has been since
May, 1887, a domiciled resident and tax-payer in the de-
fendant school district.   Ada Austin, a child of thirteen
years, has been during all that time living with him as a
member of his family.   She attended school in said district.
The defendant presented to the plaintiff a bill for her tui-
tion, and threatened to exclude her from attending the
school unless such bill was paid.   The plaintiff thereupon
preferred the present complaint to the Superior Court, pray-
ing that the district be enjoined from interfering in any man-
ner with the attendance of the said Ada Austin at the school.
The Superior Court granted the injunction, and the defend-
ant has appealed to this court.

The defendant insists that it has the right to require tui-
tion to be paid for the schooling of the said Ada, for the
reason that she did not so reside in or belong to the school
district that she could be enumerated as a person within
school age residing therein.   This claim implies—what was
directly admitted by the counsel for the defendant—that if
she might lawfully be enumerated in the district then she
was entitled to attend school there without paying tui-
tion.   The said Ada is a niece of the plaintiff's wife.
She was born in the state of Illinois, where her parents
then resided.   Her parents now reside in Missouri, and
have never resided in this state.   The plaintiff and his
wife have no children.   In 1882 the child, then being six
years old, came to live with the plaintiff, who then resided
in Winchester in this state, upon an arrangement between
the plaintiff and his wife on the one hand and the parents
of the child on the other, that she should live with the
plaintiff and his wife so long as they should live, unless she
should sooner by marriage or otherwise make a home for
herself.   Pursuant to that arrangement she has ever since
resided with the plaintiff, and he has had the entire actual
control over her, caring for her in all respects as though she
was his own child.   In May, 1887, the plaintiff removed

from Winchester to Hartford, purchased a lot within the school district, built a house thereon, and has since that time resided there with his family, which consists only of himself, his wife, and the said Ada; and he has no intention of changing such residence. It is the expectation and the intent of the said Ada, and of her parents, and of the plaintiff and his wife, that she shall continue to live with the plaintiff and his wife as their own child so long as they shall live. The plaintiff and his wife have never formally adopted her according to the statute regulating the adoption of children.

It is the claim of the defendant that no child can be properly enumerated in any school district as belonging thereto, so as to be entitled to instruction in its schools without tuition, unless such child has a legal residence in the sense of domicil therein, or is an apprentice to a master residing there, or is a pauper and so a ward of the public. It is not pretended that the child Ada is an apprentice and she certainly is not a pauper.

It is quite possible that the facts in this case do not show that the minor child in question had a domicil in the defendant district in the technical meaning of that term. Domicil in that sense is the actual or constructive presence of a person in a given place, coupled with the intention to remain there permanently; and as a minor cannot exercise an independent intent in this matter, a minor can have no domicil other than that of the parent or guardian. But the facts do show that she had a residence there in the ordinary and popular meaning of the word. She is and has been for some time actually there. Her own intent is to remain there permanently. The intent of her parents and of Mr. and Mrs. Yale is that she shall remain there permanently; so that the will of all the persons who have any authority to control the intent of this minor concurs with her own in this respect. All the elements necessary to constitute residence are present. The house of the plaintiff is her home. She did not come into the district for the purpose of obtaining instruction in its schools. She came there because her home was with the plaintiff and he removed to Hartford

from Winchester; and because her home is with the plaint-
iff she expects to remain in Hartford permanently. We
think this is residence sufficient for school purposes, and that
Ada Austin belongs to the West Middle School District
and ought to be enumerated there.

A construction so narrow and technical as is claimed by
the defendant would seriously impair the usefulness of the
school laws and would defeat various provisions of the stat-
utes. The state is interested to have all the children educated
in order that they may become good citizens. Experience
has demonstrated that it costs the public much more to sup-
port one ignorant or vicious person than to educate many
children. On the simple ground of economy the state can-
not afford to permit any child to grow up without being
sent to school. The school laws recognize this fact and
their provisions are framed accordingly. If any child is
actually dwelling in any school district, so that some person
there has the care of it, and is within the school age, not
incapable by reason of physical infirmity of attending school,
and is not instructed elsewhere, then that child must go to
the public school. Section 18 of the General Statutes pro-
vides that "public schools shall be maintained, * * * and
such schools shall be open to all children over four years of age
in the respective districts, without discrimination on account
of race or color.", Section 2102 that "all parents and those
who have the care of children, shall * * * cause such child
to attend a public day school regularly during the hours and
terms while the public schools in the district wherein such
child resides are in session, or elsewhere to receive thorough
instruction during said hours and terms in the studies taught
in said public schools." And section 2103, that "each
week's failure on the part of any person to comply with the
provisions of the preceding section shall be a distinct offense
punishable with a fine not exceeding five dollars." In other
sections particular provisions are made that the conduct of
parents, or others having the care of children, shall be in-
spected, so that all children shall attend school; that chil-
dren whose parents do not send them to school may be

removed from the care of their parents; and that truant children shall be arrested and sent to school, and that habitual truants may be sentenced to any house of reformation or to the Reform School. All through these sections the expression, "those having the care of children," is used as exactly equivalent to parents or guardian. And no where is it indicated that the duty to send children to school, or the duty of the district to furnish instruction, depends on anything other than the residence of the child. All distinction between domicil and actual residence seems to be carefully excluded.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.