## Board of Education v. Amanda E. Lease, Guardian of Heleah M. and Maud B. Henkel.

1. SCHOOLS—*Children Residing with a Guardian.*—Children of school age residing with a guardian exercising parental control over them, and having the sole control and management of their estate and sole control of them personally, are entitled to admission to the public schools of the district in which they and their guardian are domiciled.

Mandamus.—To compel Board of Education to admit children to school. Appeal from the Circuit Court of Montgomery County; the Hon. ROBERT B. SHIRLY, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 21, 1895.

JAMES M. TRUITT, attorney for appellant.

LANE & COOPER, and W. A. HOWETT, attorneys for appellee.

OPINION PER CURIAM.

This is an appeal from a proceeding by mandamus, wherein the appellee obtained a judicial order requiring the appellant to admit the wards of appellee to the common school of the district. The only question was whether the said wards were entitled to school privileges in the district. The issue was tried by jury and found for the appellee and judgment followed. The parents of these children, who reside in the State of Alabama, had placed them under care and control of the appellee, who is their aunt, for an indefinite period, that is to say, as long at least as she should remain in Nokomis, in said county. The children inherited some property from their grandfather consisting of personal property and an interest in certain realty, being the property occupied as a residence by the appellee, and by the order of the County Court she was appointed their guardian. In a contingency, that of her moving away from Nokomis during their mother's lifetime, the children were to be returned to the parents, but in the event of the mother's death they were to remain with her

Board of Education v. Lease.

permanently.   For the time being at least, she was not only their guardian but by express consent of the parents had parental authority over them in all respects.   She had sole control and managment of their estate and sole custody of them personally.   Nokomis was her domicile and was within said school district.

We think such state of facts gave them admission to the public school of Nokomis.   It is not indispensable that they should have a legal domicile in the district.   If they were actually resident there with no present purpose of removal— even though the stay was in a certain sense not permanent— in that a contemplated contingency which probably would not soon, and possibly might never, occur, would end it —they were within the policy of the law which intends that " all children in the district over the age of six and under twenty-one years" (Par. 5, Sec. 26, Art. 5, Ch. 122, R. S.), shall enjoy the right and opportunity of an education.   The use of the words " resident" and " non-resident " as found in section 27, and perhaps elsewhere in the statute, is not significant.   No doubt residence, as there indicated, is to be understood in its broad sense of habitancy, the act of dwelling or abiding in a place.

The education of youth is a matter in which the State, upon admitted grounds of public policy, finds it expedient to expend, through the agencies provided, vast sums of money.

It is a matter of public concern that all children in the State within the specified ages shall receive instruction, and the law makes it obligatory upon every person having control of any child between the age of seven and fourteen years, to cause such child to attend some public or private school for at least sixteen weeks each year, subject to certain exceptions.   Reference to adjudications in other States is of but little profit or assistance, because the matter is wholly statutory; but as illustrating the view we are inclined to adopt we cite Yale v. The West Middle District, 59 Conn. 489.   It was there said in a case somewhat like this and in view of a statute somewhat like ours, "if any child is actually dwelling in any school district so that some person there had the

care of it, and is within the school age, and not incapable by reason of physical infirmity of attending school, and is not instructed elsewhere, then that child must go to the public school."

It would not be insisted that the father must be a voter at the place or anywhere before the child may or must go to the public school. Very many conditions may occur which might render the residence of the parent or person in control of the child more or less indefinite as to the time and more or less dependent upon contingencies and yet the child should not be deprived of school privileges.

As we regard the case made by the proof the judgment is right, and could not properly have been for the appellant. Hence it is unnecessary to consider the instructions, nor to follow counsel in the discussion of the various objections taken to the action of the court in that regard. The judgment will be affirmed.