# Board of Trustees of Stanford Graded Common School District v. Powell.

(Decided October 26, 1911.)

## Appeal from Lincoln Circuit Court.

Public Schools—Children Admissible.—A child, who lives with her aunt, making her permanent home there under an agreement between her father and the aunt by which the father surrenders control of the child to the aunt, is entitled to free admission to the public school in the district in which the aunt lives.

K. S. ALCORN, J. W. ALCORN for appellant.

P. M. McROBERTS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Annie Rogers Powell, a girl twelve years of age was denied free admission to the Stanford graded school, and brought this suit against the trustees to obtain a mandamus requiring them to admit her. The circuit court awarded her a mandamus as prayed; the trustees appeal.

The facts of the case are these: The mother of the child died when she was five years old, leaving her and two younger sisters with no home. Her father is a day laborer living outside of the school district with no home of his own and no means of acquiring one. When his wife died it was agreed between him and his sister who lived in Stanford that she would take this little girl, and have full charge of her. It was agreed that he was to give the child up to her; that she was to have full control of the child and give her a home. The child has lived with her aunt from that time to this, and still lives with her under this arrangement. Her grandfather has assisted her aunt in providing for her but her home is with her aunt, and her father has given her up to her aunt. Similar arrangements were made as to the other two children. Under these circumstances the home of the child is in Stanford with her aunt, and she is entitled to free admission to the Stanford graded school. In 35 Cyc., 1112, the rule is thus stated:

"As a general rule the free school privileges of a dis-

trict town or city are open only to children, otherwise eligible, who are bona fide residents of that district, town or city; and in determining whether a person is or is not a resident in a school district within the meaning of such a rule, the usual and ordinary indicia of residence or the absence thereof should be the proper guide, and not the secret mental resolves or concealed intentions of persons living, or having lived, in the district. Such rule, however, does not usually require that there shall be a legal domicile, but it is sufficient that the child and his parent, or the person in control of him, are actually resident in the district, with apparently no present purpose of removal.''

In Yale v. West Middle School District, 59 Conn., 489, 13 L. R. A., 161, it was held that a child whose parents are non-residents and who lived with his parents' consent with one who cares for him, and with whom he is expected to live permanently, has a right to attend the school in the district. In People v. Hendreckson, 104 N. Y. Supp., 122, the same rule was applied to an infant taken into a family as a member thereof, where he was an orphan and this was his home.

The case differs from Board of Education of Winchester v. Foster, 116 Ky., 484. In that case the parents of the girl lived in another State and had a home of their own. The father had not relinquished control over his child. The uncle with whom she was staying had no control over her, and had only assumed responsibility in connection with her care while she resided in his family. It has been held that children who were sent into a district by their father to reside with an aunt under indentures of apprenticeship which were made only for the purpose of sending the children to school, were not entitled to free tuition. (School District v. Bragdon, 23 N. H., 507.) But in this case the child was not put at her aunt's with the purpose of getting her free tuition in the school. Her aunt took her because she had no home, and she took her under an express agreement with the father that the father was to give the child up to her. Under the proof the father is not entitled now to assume control over this child or to take her away from her aunt. The arrangement was made in good faith to give the child a home. It is her home and she is as fully entitled to the privileges of the school as other children whose homes are within the boundary of the district.

Judgment affirmed.