Fourth District—April, 1917.          381

The People v. Board of Education of S. D. No. 36, 206 Ill. App. 381.

# The People of the State of Illinois ex rel. Edward J. Saxe, by Hannah Saxe, Appellee, v. Board of Education of School District No. 36, County of Edwards and State of Illinois, et al., Appellants.

1. Schools and school districts, § 178*—*when evidence sufficient to show bona fide agreement by parents as to custody of child with relative in another district.* In mandamus proceedings to require a board of education of a school district of a county to admit a child to the public school of that district without the payment of tuition, where it appeared that the child resided without the boundary of said district and about six miles from a city which was within the district, and where such child stayed with its grandmother who resided in such city, under an agreement that the grandmother should have the care of the child until its arrival at twenty-one years or until the grandmother's death, and it was claimed that such agreement was not made in good faith, evidence *held* sufficient to show that the agreement was made in good faith and not for the purpose of avoiding payment of the tuition.

2. Domicile—*what is of minor child.* During the lifetime of the parents their domicile is the legal domicile of their minor child.

3. Schools and school districts, § 175*—*when residence in a district other than that in which parents live is sufficient to entitle child to admission to school.* In mandamus proceedings to require a board of education of a school district of a county to admit a child to the public school of that district without the payment of tuition, where it appeared that the child resided without the boundary of said district and about six miles from a city which was within the district and that such child stayed with its grandmother who resided in such city, under an agreement that the grandmother should have the care of the child until its arrival at twenty-one years or until the grandmother's death, and it was claimed that such agreement was not made in good faith, and that, even if made in good faith, the child was not entitled to attend said school without the payment of tuition because it had no legal domicile in the district, such domicile being the domicile of its parents, *held* that it was not essential to the right of the child to attend the public schools that it should have a legal domicile in the place where the school was held, and that the only requirement, as far as residence was concerned, was dwelling in the school district, and that therefore such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

382    APPELLATE COURTS OF ILLINOIS.

The People v. Board of Education of S. D. No. 36, 206 Ill. App. 381.

child was entitled to attend the said public school without the payment of tuition.

4. SCHOOLS AND SCHOOL DISTRICTS, § 145*—*when officers not liable for costs.* Parties who defend a suit as school officers are not liable for costs.

Appeal from the Circuit Court of Edwards county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

ALLEN E. WALKER and S. J. GEE, for appellants.

JOEL C. FITCH and H. J. STRAWN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Edwards county, directing that a writ of mandamus issue compelling appellant, the Board of Education of School District No. 36 in said county, to admit Edward J. Saxe, the relator, whom we will call the appellee, to the school of that district without the payment of tuition. The only question is whether appellee's residence in said school district No. 36 is such as to entitle him, under the law, to attend the school therein without the payment of the tuition required by the school board. By agreement the case was tried before the court without a jury.

Appellee is the eight-year-old son of William B. and Bessie Saxe. The City of Alton is within school district No. 36. William B. Saxe resides about six miles from Albion and without the boundaries of school district No. 36. In the fall of 1913 appellee entered the school of district No. 36, staying with his grandmother, Hannah Saxe, who was a widow sixty-six years of age and had lived in Albion by herself for some years. After the close of school in 1914, William B. Saxe, after some protest, paid appellee's tui-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tion for the year 1913-1914, but subsequently refused to pay such tuition for the year 1914-1915. Appellee, by the direction of the school board, was refused admission to the school in 1915 unless his tuition was paid. It is the contention of appellee that soon after the opening of school in 1913, William B. Saxe and Bessie Saxe, his father and mother, entered into a verbal agreement with Hannah Saxe, his grandmother, the terms of which were, in substance, that he should live and have his home with his grandmother until her death or until he becomes twenty-one years of age; that she should have the absolute care, custody and control of him and should support and educate him at her own expense without any cost to his parents, and that, by virtue of such agreement, he is under the law entitled to attend school in district No. 36 without the payment of tuition. Appellants deny such an agreement was in fact made, and claim that even if made it was a mere subterfuge to avoid payment of tuition, and further that such an agreement, though made in good faith, would not entitle appellee to admission to the school without payment of tuition.

It becomes material in the first instance to determine whether the claimed agreement was in fact entered into, and if so whether it was made in good faith. If appellee was living with his grandmother for the primary purpose of attending the school, or if the agreement was not made, or was made as a subterfuge for the purpose of avoiding the payment of tuition, without question appellee would not be entitled to the writ. The father, mother and grandmother of appellee all testified to the making and terms of the agreement; that it was made soon after the opening of school in 1913; that the grandmother was lonesome and for some time had wanted appellee's parents to give him to her and allow him to live with her; that

since the making of the contract the grandmother has had full custody and control of appellee and has clothed and maintained him; that he visited his parents' home at times between Fridays and Mondays during the school year and spent portions of his vacation period there; that the grandmother decided when he should come and go; that he made several trips with her and she paid his expenses. Appellants introduced evidence tending to prove contradictory statements by these witnesses; that appellee spent more time at his parents' home than claimed by them and that his father signed his report card. As a whole the proof shows the agreement was made as claimed by appellee; that it was made in good faith and not for the purpose of avoiding payment of tuition; that since the making thereof the grandmother has had full custody and control of appellee and has clothed and maintained, him; that it was the intention of all parties that she should continue to do so and the child should live with her until her death, or he should reach the age of twenty-one years.

Counsel for appellants, however, contend, that even though the contract were made in good faith, appellee had not the right to attend the school without the payment of tuition for the reason that it is necessary to the right of a child to attend the public schools of the State, that it should have a legal domicile in the district in which the school is held, and that the legal domicile of a minor cannot be other than the domicile of the parents. As a general proposition of law it cannot be questioned that, during the lifetime of the parents, their domicile is the legal domicile of their minor child. It remains then to be determined in this case whether it is indispensable to appellee's right to attend school in district No. 36 that his legal domicile be in that district. The very recent case of *Ashley v. Board of Education*, 275 Ill. 274, decided since this ap-

peal was taken, is decisive of this question and also of this case, under the facts as above found. A reference to that case will render further discussion of the law unnecessary here. After considering the sections of the school law applicable to the facts, the court there said: "It is not essential to the right of a child to attend the public schools of the State that it should have a legal domicile in the place in which the school is held. The schools are required to be maintained for all persons in the district over the age of six and under twenty-one years of age. The residence required under this language is not such as would be required to establish a right to vote or which would fix the liability of a township or county for the support of a pauper. The right to attend school is not limited to the place of the legal domicile. A residence, even for a temporary purpose, in a school district is sufficient to entitle children of school age to attend school. * * * The only requirement, so far as residence is concerned, is dwelling in the school district. Every child of school age in the State is entitled to attend the public schools in the district in which it actually resides for the time being, whether that be the place of its legal domicile or the legal domicile of its parents or guardian, or not. For this has always been the view which has been held, so far as we are informed, by those charged with the administration of the school law." The court also quoted with approval the following from Bateman's Common School decisions (Ed. of 1890, page 135): "As a general rule, the residence of the parents is the residence of their children. Boarding children in a district does not, of itself, entitle them to the benefits of the free school in said district. The mere temporary residence of a family in a district, solely to enjoy the benefits of the free schools and with the intention of removal as soon as that purpose is accomplished, does not entitle the

children to the privileges of said schools. The removal of a portion of a family from the legal domicile to another district in order to send to the free schools thereof does not confer the right to do so. As a general rule, the residence of their parents is the residence of employees; hence the privilege of the free schools in another district is not acquired by placing children temporarily at service in that district. This includes those who are placed in families to attend school and do chore work for their board, etc. The most liberal policy is, however, recommended towards this class of children. The State has as much interest in their education as in that of the more favored, and, although not legally eligible to attend free, the directors should permit them to do so, when not inconsistent with the rights of others and the welfare of the school. Children who have been apprenticed or adopted into a new family or who have been placed permanently in the care of others with no intention of withdrawal, or those over whom parents have relinquished all control from whatever cause, or those who have no parents or guardians or whose parents or guardians live in another State or country and exercise no control over their children, or those who have no permanent abode but go from place to place in search of employment and whose only home is where they find work,—the children included in all the above classes are to be enumerated in the district where they live and are entitled to all the rights and benefits of the free schools in said district.''

This same principle is laid down in *Board of Education v. Lease,* 64 Ill. App. 60, and *Yale v. West Middle School Dist.,* 59 Conn. 489. Under the rule of law laid down in these authorities and the facts in this case, appellee was entitled to attend the public school in district No. 36 without the payment of tuition, and

the trial court did not err in awarding the writ of mandamus.

Appellee asks that the costs in this court, including the cost of additional abstract of the record, be adjudged against appellants. Appellants are defending this suit as school officers and are not liable for costs. *Board of Education v. Trustees of Schools,* 74 Ill. App. 401, and *School Directors v. School Directors,* 135 Ill. 464. The judgment in this case should be and is affirmed.

*Affirmed.*