Mt. Hope School District, Appellant, v. J. C. Hendrickson, Auditor, et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS: Payment for Tuition—School "Residence."** Minors who have been sent by their father to make their home with relatives, in order that they might have a woman's care and home comforts, and who have brought property with them, which is taxable in the county of their new residence; who have a legally appointed guardian in said new residence; and who express their intention of remaining there until their majority, are "residents" of the school district to which they have removed, and entitled to claim its school privileges.

*Appeal from Warren District Court.*—W. G. Vander Ploeg, Judge.

February 5, 1924.

Action to enjoin the auditor of Warren County, Iowa, from issuing a warrant in favor of the defendant school district for tuition of two pupils who, as alleged by plaintiff, are not residents of the plaintiff district. The trial court dismissed plaintiff's petition, and entered judgment for costs. Plaintiff appeals.—*Affirmed*.

*J. O. Watson*, for appellant.

*A. V. Proudfoot*, for appellees.

De Graff, J.—This appeal involves a matter of definition and its application to undisputed facts. What constitutes actual residence of a person of school age, within the purview of our statute? It is provided:

"Every school shall be free of tuition to all actual residents between the ages of five and twenty-one years." Section 2773, Supplement to the Code, 1913.

It is further provided:

"Any person of school age who is a resident of a school corporation which does not offer a four-year high-school course and who has completed the course as approved by the department of public instruction for such corporation shall be permitted to attend any public high school or county high school in the state approved in like manner, that will receive him. * * * The school corporation in which such student resides shall pay to the secretary of the corporation in which such student shall be permitted to enter a tuition fee * * *" Section 2733-1a, Code Supplement, 1913.

The statute further defines how and in what manner the fee shall be collected, and if payment is refused or neglected, that the board of the creditor corporation shall file with the auditor of the county of the pupil's residence a certified statement of the amount due for tuition and for contingent expenses, and the time for which the same is claimed.

In the instant case, two boys, DeWitt and Lloyd Hall, attended school in the Consolidated Independent School District of Spring Hill, while claiming to be residents of the Mt. Hope School District, plaintiff herein. It is the contention of the

plaintiff that the said pupils are not actual residents of the Mt. Hope School District, and consequently the district is not liable for their tuition as pupils in the defendant Independent School District, and by reason thereof seeks to permanently enjoin the auditor of Warren County from issuing a warrant in favor of the defendant school district. Briefly restated, the question is whether the Hall boys have such residence within the plaintiff school district as to entitle them to the privileges of its schools free of tuition, thereby legally obligating said district to pay tuition to the defendant school district in which they have attended its high school, having completed the prescribed course of study in the plaintiff district.

The facts disclose that the Hall family originally lived in Warren County, Iowa, but moved to Canada, where the mother died in October, 1919. The father has not remarried, but still resides in Canada. In December, 1920, the two boys, 16 and 14 years of age respectively, came to Iowa, and were placed in the care of relatives by their father, "as they could not have a woman's care in Canada nor proper home comforts nor educational facilities." They have made their home with their uncle in Warren County. The father testified that it was not his intention nor expectation that the boys should ever return to Canada to make their home with him.

"I manumitted my sons and consented to their coming to the state of Iowa to make their home, without in any manner being responsible to me for their earnings. I have not contributed to their maintenance since they came to the United States."

The uncle of the boys was made their guardian. Their property is taxable in Mt. Hope District, where the uncle resides. They declare their intention to remain with him until their majority.

Ordinarily the legal residence of a minor is the same as that of his parents, but a minor may have a residence for school purposes other than that of his parents. The test of residence which will confer school privileges is not the same as the test for taxation or for the exercise of the right of suffrage. *School District v. Pollard,* 55 N. H. 503; *State v. Board of Education,*

96 Wis. 95; *Yale v. West Middle Sch. Dist.*, 59 Conn. 489 (13 L. R. A. 161); *Board of Education v. Lease*, 64 Ill. App. 60.

In *McNish v. State*, 74 Neb. 261, it is said that a child going to live with a relative under an arrangement whereby she is to raise and "educate her, and treat her in all respects as her own child," is a resident of the school district in which she resides with such relative. The word "domicile" indicates the real home. The word "residence" indicates the place, abode, or dwelling.

"Mere intention cannot effect the change, but the intention to remain, coupled with the act of actual residence, establishes the domicile, notwithstanding a floating intention to return at some future time." *In Re Estate of Titterington*, 130 Iowa 356.

See, also, *Schlawig v. De Peyster*, 83 Iowa 323. If a minor leaves the home of his father, to reside in another place for the sole purpose of securing free public school education, without bringing with him an actual residence, and with the intent to return to his former residence, he does not become an actual resident, within the purview of our school law.

The Hall boys were placed in the home of relatives, in order to have a woman's care and enjoy the comforts of the ordinary home. It was not the primary purpose, but only incidental, on their part to secure the advantages of educational facilities. They have no intent to return to their former home. They brought most of their property with them, and have a legally appointed guardian in the county of their new residence. They actually reside in the Mt. Hope School District. Their father has relinquished all authority over them.

In the acquisition of a school domicile, two facts concur,— actual residence and intention; and these essential elements are found in the case at bar. The principle of free education is the richest legacy of our Puritan civilization, and a liberal construction of our statute must be given, in order that its benefits may inure to those who claim its privileges.

We conclude, therefore, that the indicia of school residence are sufficiently established in this case to entitle the boys in question to the rights and privileges of the related statutes. The

court below properly dismissed plaintiff's petition, and the judgment entered is—*Affirmed.*

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.