(No. 15611.—Decree affirmed.)

DOROTHY LOGSDON *et al.* Appellees, *vs.* W. F. JONES *et al.* Appellants.

*Opinion filed February 19, 1924—Rehearing denied April 2, 1924.*

1. SCHOOLS—*right to attend school is not limited to place of legal domicile.* Residence required under the law to permit a child to attend school is not such as would be required to establish a right to vote or fix the liability of a township or county for the support of a pupil.

2. SAME—*the children of an orphanage are entitled to attend public school.* The children placed in an orphanage until homes can be found for them are entitled to attend the public schools of the district in which the orphanage is located, whether the property of the orphanage is or is not exempt from taxation.

APPEAL from the Circuit Court of Christian county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

HOGAN & REESE, HARRY B. HERSHEY, and M. J. FITZGERALD, for appellants.

LESLIE J. TAYLOR, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellees by their next friend filed a bill to enjoin appellants, school directors of district No. 14, in township 12, in Christian county, from enforcing an order or resolution theretofore adopted by that board excluding appellees from

the benefits of the public school conducted in the district. The circuit court granted the prayer of the bill and entered a permanent injunction in accordance therewith, and appellants bring the cause here for review.

There is practically no dispute as to the facts. Appellees are residents in the Kemmerer Orphans' Home. The home is situated on a tract of land of 420 acres lying within said district and is about a mile from the school building. It was instituted under the provisions of the will of Philip B. Kemmerer, who devised the land for that purpose. The orphanage is conducted as a home for orphan children, its principal use being to afford a home for such children until permanent homes are found for them, although a number of appellees have lived in the home since 1918 and 1919. The school district is organized under the general law and conducts what is known as a one-room country school. The seating capacity of the school building is thirty-seven. The total enrollment for the year in which the bill was filed was forty pupils, including the children from the orphanage. The average attendance was twenty-seven pupils. It appears that at no time were the entire forty pupils present. In October, 1922, the directors of this school adopted a resolution reciting that the orphanage was sending children to the school without paying tuition therefor; that it was paying no taxes on the land used for purposes of such home, and that there was danger of the children of the tax-payers of the district being deprived of the full benefit of the education contemplated by law. The resolution directed that the teacher be instructed not to receive any of the children from the orphanage as pupils. As a result of this resolution the teacher was instructed a few months thereafter to decline to receive the children, and the bill in this case was filed.

The sole question involved in the case is whether or not the children from this orphanage are entitled, under the law, to attend the school in this district. That question is

definitely and conclusively decided in *Ashley* v. *Board of Education*, 275 Ill. 274, where it was held that schools are required by statute to be maintained for all persons in the district over the age of six and under the age of twenty-one years, and that it is not essential to the right of a child to attend a public school that it should have a legal domicile in the place in which the school is held. In that case the children sought to be excluded were those in an orphans' home of a fraternal organization, who had been delivered by their parents or others having custody of them, to remain there until they were fifteen years of age. It was held that these children had a right to attend the public schools in the district, and that the residence required under the law was not such as would be required to establish a right to vote or fix the liability of a township or county for the support of a pupil; that the right to attend school is not limited to the place of the legal domicile. It was also there held that a residence, even for a temporary purpose, in a school district is sufficient to entitle children of school age to attend school, although the mere temporary residence of a family in a district solely to enjoy the benefits of free school, with intention of removal as soon as that purpose is accomplished, does not constitute such residence as entitles the children to the privileges of the school without payment of tuition. In this case there is no evidence that these children were sent into this district for the purpose of taking advantage of the schools of the district. They are there because the orphanage to which they were committed is within the district. That institution is their residence while in that district. The State is interested in their education, and the purpose of the public laws pertaining to education is to secure a good common school education to all children of the State, without regard to whether they are fortunate or unfortunate in other particulars.

Much of the brief and argument of counsel for appellants is devoted to the proposition that these children should

not be permitted to attend this school because of the exemption from taxation of the 420 acres of land owned by the orphanage, it being contended that this land was illegally exempted from taxation. Whether or not this be so is entirely beside the issue here. That question is of no importance in the question in this case, which concerns only the right of these children to attend the school. If these lands are illegally exempted the law affords ample means for requiring their taxation. We do not pass upon that matter for the reason that it is not in the case.

It is argued that it puts an unfair burden on this district to permit these children to attend school when they pay no taxes. It appears from the record, however, that the district has been receiving moneys from the State distributive fund based on the census of the school children of the district under the age of twenty-one, and that this census included the children in this orphanage, so that the share of the district in that fund was increased by their residence in the district. The record also shows that while the limit of taxation for school purposes in this district is $1380 per year, yet the total expenditure in 1921 was $1065.37 and for 1922 $927.04. It is also shown by the record that this district has an accumulation in loanable funds amounting to $11,600, from which it received $778.65 as interest in the year 1921 and $549.25 in 1922, while its income from taxes and the distributive fund of the State in 1922 amounted to between $1500 and $1600. It is evident from these figures that it is not a serious imposition on this district to require that the children of the orphanage attend school there.

The court did not err in granting the prayer of the bill, and the decree will be affirmed.

*Decree affirmed.*