SALEM INDEPENDENT SCHOOL DISTRICT, Appellee, v. L. G. KIEL, County Auditor, Appellant.

·OCTOBER 23, 1928.

*J. M. C. Hamilton* and *D. J. McNamara*, for appellant.

*William Z. Hollingsworth* and *Hollingsworth & Hollingsworth*, for appellee.

STEVENS, C. J.—For more than 70 years, there has existed in Chestnut Hill School District, Lee County, Iowa, a charitable

institution, founded in pursuance of the provisions of the will of Josiah White, known as White's Manual Labor Institute. The institute owns at the present time about 1,200 acres of land, and receives, from time to time, children to be cared for and educated. Four children, Ernest Triscik, Florence Triscik, Wayne Fuller, and Harry Hamburger, cared for in said institute, were admitted to and attended the high school in Salem Independent School District, appellee herein, during a portion of the school years of 1924, 1925, 1926, and 1927. No tuition was paid to appellee, and this action is brought to compel the county auditor to issue and transmit an order to the county treasurer, directing him to transfer certain funds for the amount due from Chestnut Hill School District to the credit of appellee, as provided by Section 4278, Code of 1927.

Counsel divide upon the question as to whether the case is controlled by Section 4275 or Section 4283, Code of 1924. Section 4275 is as follows:

"Any person of school age who is a resident of a school corporation which does not offer a four-year high-school course, and who has completed the course as approved by the department of public instruction for such corporation, shall be permitted to attend any public high school or county high school in the state approved in like manner that will receive him."

Section 4283 is as follows:

"When any child is cared for in any charitable institution in this state which does not maintain a school providing secular instruction, and which institution is organized and operating under the laws of Iowa, and the domicile of the child is in another school district than that wherein the institution is situated, then such child shall be entitled to attend school in the district where such institution is located. In such case, the district which provides schooling for such child shall be entitled to receive tuition not exceeding the average cost thereof in the department of the school in which schooling is given, and not exceeding eight dollars per month for tuition in schools below the high-school grade, and not exceeding twelve dollars per month for tuition in high-school grades. Such tuition shall be paid by the county of the domicile of such child. Any county so paying tuition shall be entitled to recover the amount paid therefor from

the parent of such child. This section shall not apply to charitable institutions which are maintained at state expense.''

Two of the above named children formerly resided in Lee County, outside of Chestnut Hill School District, and two entered the institute from Monroe County. It is the contention of appellant that the domicile of these children is that of the parents, and that the county of their domicile is liable for, and must pay, the tuition, and that the school district in which the institute is located cannot be charged therewith.

White's Manual Labor Institute is incorporated under the laws of this state. It provides secular instruction for the children cared for therein up to and including the eighth grade. There is no high school in Chestnut Hill District. Each of the children named was received into the institute under the provisions of Chapter 6, Title XVI, Code of 1897, which has since been repealed, the contract of indenture in each case being signed by the proper parent. By the terms of the indenture contracts, full control and custody of the children were given and surrendered by the parent to the superintendent of the institute, where they were to remain until they should have attained their majority. The parent was given the right to visit the children at such reasonable times and under such requirements as the superintendent might prescribe.

Thus, two questions involving the interpretation and construction of the foregoing statutes are involved, and require decision: First, were the children, under the provisions of Section 4275, residents of Chestnut Hill School District; and, second, if appellant's construction of Section 4283 be accepted, was such district their domicile? The terms ''residence'' and ''domicile'' are not necessarily identical in meaning. The first is used to indicate the place or dwelling, which may be either permanent or temporary; the second, to denote a fixed, permanent residence, to which, when absent, one has the intention of returning. *Fitzgerald v. Arel*, 63 Iowa 104; *In re Estate of Titterington*, 130 Iowa 356; *In re Estate of Colburn*, 186 Iowa 590.

The institute is to be the permanent home of the children in question until they attain their majority. They have no other home. They are, therefore, we think, unless excluded by

the fact that they are cared for in a charitable institution, clearly residents of Chestnut Hill District. *Mt. Hope Sch. Dist. v. Hendrickson*, 197 Iowa 191. See, also, *Hume v. Independent Sch. Dist.*, 180 Iowa 1233. This conclusion finds support in many decisions in other jurisdictions. *Ashley v. Board of Education*, 275 Ill. 274 (114 N. E. 20) ; *School Dist. of Borough of Ben Avon v. Sch. Dist. of Pittsburgh*, 77 Pa. Super. Ct. 75; *I. O. O. F. of W. Va. v. Board of Education*, 90 W. Va. 8 (110 S. E. 440) ; *Board of Trustees v. Powell*, 145 Ky. 93 (140 S. W. 67) ; *Yale v. West Middle Sch. Dist.*, 59 Conn. 489 (22 Atl. 295) ; *Logsdon v. Jones*, 311 Ill. 425 (143 N. E. 56) ; *Delaware, L. & W. R. Co. v. Petrowsky*, 250 Fed. 554.

This precise question has not been decided by this court, but it arose in the following cases from other jurisdictions, in which it was held that children cared for in a charitable institution are residents of the school district in which the same is located. *Delaware, L. & W. R. Co. v. Petrowsky*, supra; *Logsdon v. Jones*, supra; *Ashley v. Board of Education*, supra; *School Dist. of Borough of Ben Avon v. School Dist. of Pittsburgh*, supra; *I. O. O. F. of W. Va. v. Board of Education*, supra.

Having reached this conclusion, we next inquire as to the applicability of Section 4283. The reason and necessity for the enactment of this section were to provide schooling for children cared for in a charitable institution which does not provide for or maintain secular instruction. In the absence of this statute, the question might well arise as to whether the children therein cared for would have the right to attend the schools of the district in which the institution is situated. It is obvious that the legislature did not, in the enactment of this section, have in mind the question presented in this case. Neither in express nor implied terms does this statute give children cared for in a charitable institution the right to attend school in another district than the one in which the institution is situated. It is, therefore, clearly without application to this case. We are of the opinion, therefore, that Section 4275 and the following sections are controlling. The decree of the court below is, accordingly, affirmed.—*Affirmed.*

EVANS, FAVILLE, ALBERT, MORLING, KINDIG, and WAGNER, JJ., concur.