

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

May 25, 1939

Honorable W. C. McDonald
County Attorney
Coke County
Robert Lee, Texas

Dear Sir:                    Opinion No. O-586
                             Re: Enumeration of scholastics in
                                 the district of their residence.

        We are in receipt of your letter of April 4,
1939, in which you request the opinion of this department
upon the following question:

        "What school district is legally entitled to
enumerate Florine Presslar, a girl age 16 years?"

        You submit the following facts:

        The parents of this girl reside in Sanco Common School
District and claim this to be their home.

            "Her father, Green Presslar, rented an
        apartment in the town of Robert Lee in the Robert
        Lee Independent School District in September, 1938,
        and his daughter, Florine Presslar, has been re-
        siding in Robert Lee, Texas, attending the Robert
        Lee Independent School during the 1938-1939 term;
        she and her father both claiming Robert Lee is her
        home and where this child now resides except on
        some week-ends she visits her father and mother in
        said Sanco Common School District and spends her
        summer vacations in said Sanco Common School District.
        Her father has refused to enumerate this child in the
        Sanco Common School District, and did, on the 29th
        day of March, 1939, enumerate her in the Robert Lee
        Independent School District, which he claims to be
        her home, and as she is physically present and re-
        siding in said Robert Lee Independent School District,
        he refuses to enumerate her elsewhere, except in said
        Robert Lee School District, claiming that under the
        law he has the right to enumerate his child in the
        school district in which she is physically present
        and in which she resides, also claiming it to be her
        intention to reside in said Robert Lee Independent
        School District until she finishes school."

We assume that Green Presslar and his wife reside in Sanco Common School District.

Article 2816, Revised Civil Statutes, provides that the census trustee of each district shall show on the proper form "the name and number of the school district in which the children reside", and it is provided in Article 2901, Revised Civil Statutes that "every child in this State of scholastic age shall be permitted to attend the public free schools of the district or independent district in which it resides at the time it applies for admission, notwithstanding that it may have been enumerated elsewhere, or may nave attended school elsewhere part of the year."

It is also provided in Article 2892, as follows:

"Every child in the State who is seven years, and not more than sixteen years of age shall be required to attend the public school in the district of its residence, or in some other district to which it may be transferred as provided by law, for the period of not less than one hundred and twenty days. * * * "

Other statutes provide for the transfer of a child attending school in a district other than its residence.

We think the statutes are sufficiently clear in expressing an intention that a child of scholastic age shall be enumerated for the scholastic census in the district in which it resides.

The Attorney General's Ruling as set out in "The Handbook of Texas School Law", page 546, to which you refer is cited as making the following ruling in said handbook:

"Scholastics should be enumerated only in the district where they are physically present and reside on April 1st, notwithstanding the domicile of their natural guardian, and the state apportionment can be made only on such basis." (Letter Opinion Book No. 381, p. 586, dated May 18, 1938.)

This opinion distinguishes between "residence" and "domicile", but the language contained in this opinion, when taken alone, is susceptible to the construction given and probably makes a broader ruling than the facts presented required. However, when the opinion as whole is read in the light of the specific facts therein presented the result of the opinion, we think, is correct. In that case the writer had under consideration the enumeration of children who lived with their parents in one school district and there was an attempt

to enumerate these children in the district in which the father worked.

This department rendered an opinion on November 4, 1905, to the Honorable R. B. Cousins, State Superintendent of Public Instruction on a similar question which we think substantially expresses the proper rule to be applied in the instant case. It was there stated:

"If the children have merely an ostensible and not a substantial residence in the district, if they were sent to Rockdale for the sole purpose, or even for the main purpose, of participating in the advantages of the public schools of Rockdale, they are not entitled to free tuition.

"But if they were sent to reside in Rockdale in good faith in order to give them suitable homes, with the intention on the part of the father, and of the persons in whose care he placed them, that the children should reside there permanently; if the educational advantages of the residents in Rockdale were merely incidental to their going there, and other considerations induced the father, in good faith, to select that place as their home, I think the children are residents of Rockdale within the meaning of the school law, and entitled to free tuition there, notwithstanding that the domicile of the father is elsewhere."

While we recognize that a minor child may acquire a bona fide residence separate and apart from its parents within the contemplation of our school laws, we do not think that such bona fide residence is established by the mere physical presence of the minor in another district or by living temporarily in another district for the purpose of attending school. School District No. 1, etc. vs. School District (Sup. Ct. Mich. 1926), 211 N.W. 60; Yale vs. West Middle School District, 59 Conn. 489, 13 L.R.A. 161; Anno. 26 L.R.A. 581.

We understand that the opinion herein expressed is in accord with a long established construction placed upon our census laws by the State Department of Education.

It is our opinion that if the facts develop that Florine Presslar is living in the Robert Lee Independent School District for the sole or principal purpose of attending the schools of that district, she is a resident of Sanco Common School District for the purpose of scholastic enumeration, and should be enumerated in the scholastic census of that district. However, if she has in good faith

established a substantial residence, and not a mere ostensible residence for the purpose of attending school, she may properly be enumerated in the Robert Lee Independent School District.

In your brief you raise some question as to whether the County Superintendent has authority to change an enumeration which has been listed in the wrong district. In this connection we call your attention to Article 2819, Revised Civil Statutes, 1925, which requires the County Superintendent to make affidavit to the correctness of his consolidated census rolls and which further provides:

"In making these consolidated rolls, he shall scrutinize carefully the work of the census trustees, and shall have power to summon witnesses, take affidavits and correct any errors he may find in any census trustee's roll, and he shall carefully exclude all duplicates."

Yours very truly

ATTORNEY GENERAL OF TEXAS
s/ Cecil C. Cammack

By

Cecil C. Cammack
Assistant

CCC:FG-cg

APPROVED:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: Opinion Committee
By REK Chairman