JOHNNIE MAE TURNER, a minor, by PERCY TURNER, her Guardian, Plaintiff-Appellant *v.* BOARD OF EDUCATION, NORTH CHICAGO COMMUNITY HIGH SCHOOL, DISTRICT 123, Appellee.

(No. 71-98;

Second District—February 22, 1972.

Leahy & Klein, of Chicago, for appellant.

Ancel, Stonesifer & Glink, of Chicago, for appellee.

934

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The plaintiff, Johnnie Mae Turner by Percy Turner her brother and guardian, appeals from an order which denied issuance of a writ of *mandamus* against defendant.

■■ Pending the appeal, defendant moved to strike certain portions of plaintiff's brief which related to constitutional issues. The motion was taken with the case. Upon review of the record we are satisfied, as was the Supreme Court in its order of transfer to this court, that "There are no substantial constitutional questions involved, but only a question of fact as to the student's residence." (Gen. No. 43891.) See *Dean v. Board of Education* (1944), 386 Ill. 156.

The record indicates that the parents of the fifteen-year-old plaintiff are Chicago residents; that plaintiff had resided with her parents and during the spring and summer of 1970 spent short vacations at her brother's home in North Chicago; that plaintiff began the fall school term in Chicago where she incurred some personal problems with students, received poor grades, lacked parental assistance in her studies and was home alone from 3:30-5:00 P.M. Plaintiff's mother admitted to difficulties in "understanding young people." After discussions between plaintiff, her mother and her brother Percy, it was agreed that plaintiff would live with Percy in North Chicago and attend school there. In late September she moved into his home.

Upon application for enrollment, plaintiff was denied tuition-free entrance to the North Chicago school on the basis of being a non-resident. Subsequently, the brother petitioned for letters of guardianship of the person of the plaintiff and, on October 1, 1970, the letters were issued to Percy. The sole reason recited in the petition was that "said minor be permitted to attend public high school in North Chicago, Ill."

After issuance of letters of guardianship, plaintiff's counsel, by phone, sought defendant's decision relative to plaintiff's admission to school and was again informed that tuition-free admittance had been refused on grounds she was not a resident of the district. Thereafter, plaintiff filed suit.

The record discloses no disruptive or incompatible situation within the parental home which might necessitate plaintiff's living with her brother, only that plaintiff felt she could do her school work better in North Chicago, that she might better receive assistance in her studies, that she would not be alone at home during the day and that she could assist with chores in her brother's household. The trial court concluded that the ability to attend school in North Chicago was the sole basis given for the guardianship petition; that "plaintiff('s) * * * resi-

dence within the school district is for the purpose of attending defendant's school and that because of such she is not entitled to attend \* \* \* without paying tuition."

Plaintiff asserts error in the holding of the trial court, contending that she meets all tests of residency for school purposes since she actually dwells within the district with no present intent of removal.

■■ In a *mandamus* action it is elementary that the petitioner has the burden of establishing a clear legal right to the relief sought.

■■ To attend school on a tuition-free basis, Illinois requires that the child actually dwell within the school district. (*Logsdon v. Jones* (1924), 311 Ill. 425; *Ashley v. Board of Education* (1916), 275 Ill. 274, 279; *Board of Education v. Lease* (1895), 64 Ill.App. 60, 61.) However, the establishment of temporary residence solely for the purpose of attending the schools of a district conveys no right to tuition-free attendance. *Logsdon v. Jones, supra* at 427; *Ashley v. Board of Education, supra; People v. Board of Education of S.D. No. 36* (1917), 206 Ill.App. 381, 383.

■■ A study of the above cited cases reveals that tuition-free school attendance is allowed a minor when the residence, custody and control are with the one who, in the minor's behalf, seeks such attendance.

■■ Residence for school attendance is not the same as would be required to establish the right to vote or to fix township or county liability for the support of a pauper, nor is the right to attend a school limited to the place of legal domicile. "The only requirement, so far as residence is concerned, is dwelling in the school district." (*Ashley v. Board of Education, supra,* at p. 279.) Plaintiff herein has met this requirement.

■■ There remains then the question of *whether there has been* a relinquishment of parental custody or control of the plaintiff. The reason set forth in requesting the issuance of letters of guardianship applies only to the question of *why* they were issued and we do not here evaluate the loose requirements to be met for such issuance. Rather, we are faced with an accomplished fact: the court determined the guardianship and issued the letters to plaintiff's brother. Unless changed by court, such guardianship will remain in effect until plaintiff has reached her majority. Thus, by operation of law, the "permanent" custody and control of plaintiff passed to her legal guardian and automatically imposed upon him the statutory duties of Section 139 of the Administration of Estates Act (Ill. Rev. Stat. 1969, ch. 3, par. 139):

"Unless otherwise ordered by the court, the guardian of the person of a minor shall have, under the direction of the court, the custody, nurture and tuition of his ward and *shall provide education for his ward.*" (Emphasis added.)

Residency, custody and control established, we find that plaintiff is entitled to tuition-free attendance to the schools of the district in which her guardian is paying taxes. The judgment of the trial court is reversed and remanded with directions to issue the writ of *mandamus*.

Reversed and remanded with directions.

SEIDENFELD and GUILD, JJ., concur.