IN THE MATTER OF A.S., Alleged Delinquent

(214 N.W.2d 1)

(File No. 11297. Opinion filed January 10, 1974)

Marvin K. Bailin of Christopherson & Bailin, Sioux Falls, for appellant West Central Ind. School Dist. No. 154. Robert C. Heege of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for respondent Sioux Falls Ind. School Dist. No. 1.

Dennis C. McFarland, Sioux Falls, for respondent Baltic Ind. School Dist. No. 115.

DUNN, Justice.

This is an appeal by West Central Independent School District No. 154, hereinafter referred to as West Central, from a

judgment entered on December 14, 1972 by the Circuit Court, Second Judicial Circuit, Minnehaha County, ordering West Central to pay Sioux Falls Independent School District No. 1 the sum of $1,289.85 as tuition for A. S.

The parties have stipulated as to the facts and statutes governing this matter. The facts stipulated to by the parties are: The parents of A. S. reside at Hartford, South Dakota, which is within West Central District. On July 7, 1966, A. S., an alleged delinquent, was made a ward of the Minnehaha County Court and Clarence Satnan, Minnehaha County Probation Officer, or his successor, was named guardian of A. S.'s person with authority to make suitable placement of A. S. As guardian, Clarence Satnan placed A. S. in the custody and home of Larry Lloyd, a resident of Baltic, South Dakota, within Baltic Independent School District, hereinafter referred to as Baltic District. Larry Lloyd received the usual fees from the county paid to foster homes for children placed there as wards of the Court. A. S. attended school in Baltic District while residing with Larry Lloyd during the 1966-1967 school year and no claim was made on any other school district for tuition during the period. Thereafter, the guardian removed A. S. from Larry Lloyd's home and placed him in McCrossan Boys Ranch, Sioux Falls, South Dakota, a charitable institution. A. S. attended school in Sioux Falls District No. 1 during the school years 1967-1968 and 1968-1969; he was released from McCrossan Boys Ranch in September 1969. At all pertinent times A. S. was a ward of the Minnehaha County Court. Sioux Falls Independent School District No. 1 claimed tuition for the year 1967-1968 in the sum of $607.20 and for the year 1968-1969 in the sum of $682.65 for a total of $1,289.85.

The statutes governing this action as stipulated are SDCL 13-28-10 and 13-28-11 and the interpretation given these statutes, together with SDCL 30-28-4, governs whether Baltic District or West Central is liable to the Sioux Falls Independent School District for the tuition fees of A. S.

SDCL 13-28-10 provides:

"When a child is residing in a foster home on a temporary or permanent basis, such child has school residence in the school district wherein such foster home is located. Such child may be living in such foster home by choice of the child, with or without the sanction of the parents, or because the child was placed there by a court of competent jurisdiction, or because the child was placed there by the state department of public welfare or by the board of pardons and paroles because of their jurisdiction over the child or as a result of assisting the parents or guardian of the child in finding and placing said child in the foster home. Such a child, placed in such foster home shall also have school residence in the school district wherein such foster home is located."

SDCL 30-28-4 provides:

"A guardian of the person is charged with the custody of the ward, and must look to his support, health, and education. He may fix the residence of the ward at any place within the state, but not elsewhere without permission of the court."

A fair interpretation of these statutes would lead to the conclusion that A. S. upon being placed in the custody of Larry Lloyd in the Baltic District would have become a school resident of said district.

The respondent argues the term "residence" found in SDCL 13-28-11 which provides:

"When a child is residing in a charitable or in a state institution which provides care and custody for children who are not living with their parents or guardian, the school residence of such child shall be the school district wherein such child resided immediately prior to the time such child entered such institution and such residence continues until such time as such child ceases to reside in such institution."

was intended to be used in the sense of domicile. The respondent then contends A. S. had a domicile in the West Central District where his parents resided rather than in the Baltic District where his guardian resided.

We do not have to consider all the ramifications of domicile and residence in the decision of this case. "School residence" is the governing factor in determining who shall pay this tuition. SDCL 13-28-10 plainly states that "Such a child, placed in such foster home shall also have school residence in the school district wherein such foster home is located." Thus the school residence of A. S. was the Baltic District and it was also "the school district wherein such child resided immediately prior to the time such child entered such institution", in accordance with SDCL 13-28-11.

While South Dakota has not passed on this situation, North Dakota has held that "the child may have a residence for school purposes distinct and separate from the domicile of the parent." Anderson v. Breithbarth et al., 62 N.D. 709, 245 N.W. 483. The same was held in State v. Thayer, 74 Wis. 48, 41 N.W. 1014, and Board of Trustees v. Powell, 145 Ky. 93, 140 S.W. 67.

A. S. was a school resident of the Baltic District when he entered McCrossan Boys Ranch, regardless of the residence or domicile of his parents, and the Baltic District is liable for his tuition during the years he was in McCrossan Boys Ranch.

Reversed and remanded for judgment in accordance with this opinion.

All the Justices concur.