## Board of Education of Township High School, Appellee, v. T. E. McCaskill and Emma McCaskill, Appellants.

1. SCHOOLS AND SCHOOL DISTRICTS, § 175*—*when residence in township other than that in which high school is situated shown.* In an action by a school district to recover high school tuition for two minor children of persons claimed to be residents of another township, evidence *held* sufficient to sustain a finding that defendants were residents of the township other than that in which the high school was situated and that the children only temporarily stayed with their grandmother during the school year in a house owned by defendants in the town in which the high school was situated.

2. SCHOOLS AND SCHOOL DISTRICTS, § 48*—*who may discharge duties of directors of schools for school districts.* Boards of education of township high schools are empowered to discharge the duties of directors of schools for school districts.

3. SCHOOLS AND SCHOOL DISTRICTS, § 184*—*when parents liable for tuition of children attending high school in another district.* Under section 122 of the School Act (J. & A. ¶ 10143), providing that, where no high school is maintained, graduates of the eighth grade in any school district shall, upon payment of tuition, be admitted to the high school of any district in the county in which such pupils reside, by and with the consent of the school board where such high school is located, and that "the tuition in case the parent or guardian is unable to pay shall be paid by the school board of the district in which such pupils reside, from the funds of the district," parents are liable for the tuition of their children where they are able to pay.

4. SCHOOLS AND SCHOOL DISTRICTS, § 184*—*inapplicability of section 121 of School Act to transfer of pupils from common school to high school in another district.* Section 121 of the School Act (J. & A. ¶ 10142), relating to the transfer of pupils from one district to another upon the written consent of a majority of the directors of each district, has reference only to the attendance of children in a common school district in a district other than that of their residence, by and with the consent of the directors of the districts, and provides for payment of tuition out of the funds of the district of their residence, and applies only to common schools and not to high schools.

Appeal from the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 15, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

R. C. NEFF, for appellants.

W. B. McBRIDE, for appellee.

PER CURIAM.

This is an appeal by T. E. McCaskill and Emma McCaskill from a judgment for $162 rendered against them in favor of the Board of Education of Township High School, Township 13 North, Range 2 West, Christian county, Illinois, known as the Taylorville High School, for tuition for two minor children of appellants for the school year beginning in the fall of 1912 and ending in the spring of 1913, at $4 per month each, and for the year beginning in the fall of 1913 and ending in the spring of 1914 at $5 per month each.

Prior to the fall of 1911, appellants lived on a farm in Locust township in Christian county and sent their children to the Taylorville High School, and paid tuition regularly. In the fall of 1911, appellants bought a house in Taylorville and claim to have lived in that city from the fall of 1912 until the following spring when they moved back to the farm, without retaining a room in the house in town; they also claim to have lived in town the next winter and moved back to their farm in the spring of 1914. During these 2 school years, two of their minor children attended the high school in Taylorville without any tuition being paid, and in the spring of 1914 appellants sold their property in Taylorville. During those 2 years they paid all their personal taxes in Locust township. Appellant T. E. McCaskill testified that he ate his meals and slept in Locust township practically all that time; that he sold his town property in April or May, 1914; that his mother occupied the house the 2 years before he sold it; that she lived there and kept roomers during the time he lived there and he had nothing to do with the house during those 2 years, "except in the payment of taxes and all special assessments and such as that, I didn't occupy it." The following questions and answers are quoted from his testimony: Q.

"Where did your wife stay from the fall of 1912 on?"
A. "She stayed with the family of course." Q. "And
where was that?" A. "In Locust Township." Q.
"And continued to stay there until the spring of
1914?" A. "Yes, sir." It was a question of fact as
to whether appellants were bona fide residents of
Taylorville or their residence was on their farm. The
evidence of appellants sustains the finding that they,
with their children, were residents of Locust township
and not of the township in which the Taylorville High
School is situated, and. that the children only stayed
with their grandmother in Taylorville temporarily
during the school year in a house owned by appellants.

The appellants submitted one proposition of law,
viz., that parents, whose children attend the high
school of a township which maintains a high school, in
the absence of proof of an express contract, cannot.
be held liable for the tuition of their children, which
the court refused. This proposition has no reference
to the residence or domicile of appellants or their chil-
dren, which is the only issue in the case.

Boards of education of township high schools are
empowered to discharge the duties of directors of
schools for school districts (*People v. Cowen*, 283
Ill. 308), and section 122 of the School Act (**J. & A.**
¶ 10143) provides that, where no high school is main-
tained, graduates of the eighth grade in any school
district shall, upon payment of tuition, be admitted to
the high school of any district in the county in which
such pupils reside, by and with the consent of the
school board where such high school is located, and
that "the tuition in case the parent or guardian is
unable to pay shall be paid by the school board of the
district in which such pupils reside, from the funds
of the district." The residence of the parents is the
residence of their minor children unless it has in some
way been changed. There is no rule requiring that
there shall be proof of an express contract to hold
parents liable for the tuition of their minor children,

where the parents are able to pay the tuition in a high school, and the inference from the language of section 122 of the School Act (J. & A. ¶ 10143) is that parents are liable for the tuition of their children where they are able to pay.

Section 121 of the School Act (J. & A. ¶ 10142) has reference only to the attendance of children in a common school district in a district other than that of their residence, by and with the consent of the directors of the districts, and provides for the payment of the tuition out of the funds of the district of their residence. It does not apply to the case at bar but only to common schools.

There was no proof that appellants were unable to pay the high school tuition of the children they sent to the Taylorville High School, and under section 122 the appellants are liable for such tuition. The case of *Ashey v. Board of Education*, 275 Ill. 274, cited by counsel for appellants, is a case wherein the rights of children to attend a common school in the district of their residence were involved and has no bearing on the questions involved in this case. The judgment is affirmed.

*Affirmed.*