(No. 27832.—

JOSEPHINE DEAN *et al.*, Appellees, *vs.* THE BOARD OF EDUCATION OF SCHOOL DISTRICT No. 90 *et al.*, Appellants.

*Opinion filed March 21, 1944.*

ZIMMERMAN & NORMAN, FRED B. HUEBENTHAL, and HAROLD W. NORMAN, all of Chicago, for appellants.

FRANKLIN J. STRANSKY, and DIMMITT C. HUTCHINS, both of Chicago, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook county which directed that a writ of *mandamus* issue commanding the members of the board of education of school district No. 89 of Cook county and its supertendent of schools to take official action to admit Josephine

Dean, Marcella Dean and Charles Dean, Jr., in whose behalf the suit was prosecuted, to the Washington school in said district as regular resident pupils. It was alleged in the petition that section 1, article VIII of the constitution, and the statutes enacted pursuant to such mandate, gave to said children a right to attend Washington school in said district No. 89, and that the refusal of the board of education of said district and its superintendent of schools to permit their attendance at such school was a violation of their constitutional right.

The appellants contend that a constitutional question is presented which confers jurisdiction on this court by direct appeal. To give this court jurisdiction on direct appeal on the ground that a constitutional question is involved, it must appear that the question thus raised is fairly debatable. (*Pennsylvania Tank Line* v. *Jordon,* 341 Ill. 94; *People* v. *Jiras,* 340 Ill. 208.) A question which merely calls for a construction of a statute enacted pursuant to a constitutional mandate, or an application of the statute to a certain state of facts is not sufficient to confer jurisdiction by direct appeal. (*People ex rel. Rexses* v. *Cermak,* 317 Ill. 590.) The mere assertion that a constitutional question is involved is not sufficient. Furthermore, it is well settled that if the constitutional question presented has been settled by prior decisions of this court, a direct appeal will not be entertained for the purpose of reconsidering the question. *People* v. *Dory,* 364 Ill. 641; *People* v. *Blenz,* 317 Ill. 639.

The controlling question in this case is as to whether the presence of the children in said school district under the circumstances shown is such as to give them a residence for school purposes and thereby entitle them to attend such school. The facts were stipulated. Those pertinent to the jurisdictional question are that the children in this proceeding were, prior to the juvenile court proceeding herein referred to, residing in Chicago with their father. Their

mother was deceased. An order entered in a proceeding in the juvenile division of the circuit court of Cook county declared them to be dependent within the meaning of section 1 of the act to define and punish the crime of contributing to dependency, (Ill. Rev. Stat. 1943, chap. 38, par. 100,) and, with the father's consent, it was ordered that the children be committed to the care, custody and control of the Illinois Children's Home and Aid Society, a charitable Illinois corporation. The location of the principal offices of the society or its principal place of business is not shown. It was stipulated that it did not possess facilities for furnishing these and other children adequate living quarters so it obtained places for them in private homes, where they were maintained and supported for a stated compensation. The society obtained a place for the three Dean children in the home of Mrs. S. Wright. Their placement in that home had a degree of permanency about it. The practice of the society in such matters was that children placed by it in private homes would remain in such homes until the child was given out for adoption or until it had attained an age where it could provide for itself. The Dean children were received into the Wright home on July 31, 1942, under such arrangement and were living there when this suit was started in April, 1943. The order of the juvenile court which committed the children to the custody of the society fixed the monthly compensation that should be paid for their support and maintenance and directed that the father should pay a part and the remainder should be paid by the county of Cook. Mabbett K. Reckord was appointed guardian of each of said children.

School district No. 89 was a common school district located in the village of Maywood. The Wright home was located in said district and within that area served by the Washington school. Reckord, the guardian, resided in Wilmette, in school district No. 39.

Cases involving similar questions were before this court in *Ashley* v. *Board of Education,* 275 Ill. 274, and *Logsdon* v. *Jones,* 311 Ill. 425. These cases came to this court by direct appeal. In the *Ashley case,* the minor children involved were inmates of the Illinois Masonic Orphan's Home located in La Grange and within school district No. 102, in the county of Cook. The suit was to test their right to attend the public school in such district. In the *Logsdon case,* the children whose school privileges were involved were residents of the Kemmerer Orphan's Home, which was located within the school district where the children sought school privileges.

The constitutional provision and the statutes now invoked were considered in the *Ashley case.* The facts in the *Logsdon case* were such as to require application of the principles announced in the *Ashley case.* In each of those cases it was held that the children from the orphanages therein named had the right to attend the public school of the district in which the orphanage was located. The unfortunate circumstances that necessitated the children entering the orphanages referred to in the *Ashley* and *Logsdon cases* are not materially different from those which brought the Dean children under the care and protection of the Illinois Children's Home and Aid Society. No different principle is involved in that regard. The purposes for which the children came to any of the institutions mentioned were the same. The duration of their stay under the care and supervision of the orphanages and the society are substantially the same. The fact that the Illinois Children's Home and Aid Society did not possess adequate facilities to keep the Dean children in its immediate custody and was compelled to seek accommodations for their support and maintenance in private homes, does not place them in a relationship to the school district in which they lived different from the school residence which

the children had who lived in the orphanages in the former cases.

There is nothing in the constitutional question presented in this case which has not been determined by the *Ashley* and *Logsdon cases*. The discussion of the jurisdictional question has, by necessity, decided one of the chief points presented but since there are other questions argued, none of which give this court jurisdiction, it will be necessary to transfer the cause to the Appellate Court.

For the reasons assigned, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*