(No. 28860.— ▮▮▮▮▮▮)

Minnie V. Pickard, Appellee, *vs.* Millie B. Rice, Appellant.

*Opinion filed November 21, 1945.*

NEWELL MECARTNEY, of Chicago, for appellant.

Mr. JUSTICE WILSON delivered the opinion of the court:

November 9, 1943, the plaintiff, Minnie V. Pickard, obtained judgment by confession in the municipal court of Chicago for, $30.21 against the defendant, Millie B. Rice, $19.75 representing the unpaid balance of rent of an apartment for the month of November, 1942, and $10.46, attorney's fees. Thereafter, defendant filed a petition, an amended petition, and a second amended petition, to vacate the judgment. Her third petition averred that she had discharged her obligations under the lease by payment of an agreed amount of $11.25. January 5, 1944, defendant's petition was overruled. More than a year after the entry of the judgment by confession, and nearly eleven months subsequent to the day defendant's petition to vacate the judgment was overruled, namely, on November 27, 1944, she filed a motion to vacate the judgment and dismiss the cause, described in her brief (but not in the motion itself) as a motion in the nature of a writ of error *coram nobis*. The grounds supporting the motion, among others, were that the lease was a violation of regulations relative to rent for housing accommodations in the defense-rental area of Chicago issued by the Office of Price Administration, conformably to the Federal Emergency Price Control Act of 1942, and that, in consequence, the lease was void, the warrant of attorney without any force or effect, and the judgment rendered a fraud upon the court.

The motion concluded by averring that had the trial court been informed of the foregoing facts, the judgment would not have been entered; that the facts recounted did not appear of record, and that by reason of them the court lacked jurisdiction to render the judgment assailed. December 4, 1944, defendant's motion to vacate the judgment by confession and dismiss the cause was overruled. Seeking a reversal of the order of December 4, 1944, defendant prosecutes a direct appeal, apparently on the assumption that a constitutional question is involved.

Before this court entertains an appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, the ruling on it must be preserved in the record for review, and error must be assigned upon it here. (*Jenisek* v. *Riggs,* 381 Ill. 290; *Grutzius* v. *Armour and Co.* 377 Ill. 447.) Plaintiff's statement of claim did not challenge the constitutional validity of the Emergency Price Control Act or any other statute, Federal or State. Nor did defendant's motion to vacate the judgment, or her later motion in the nature of a writ of error *coram nobis,* in any manner attack the constitutionality of a statute. Recourse to the order of December 4, 1944, overruling defendant's motion, affirmatively discloses that the trial court did not pass upon any constitutional question. In short, plaintiff did not present a question involving the construction of either the Federal or State constitution, defendant did not urge a constitutional question, and the order of the trial court, obviously, was based on other issues. The mere assertion that a constitutional question is involved, or that a constitutional right has been invaded is insufficient, in the absence of other grounds, to confer jurisdiction of a direct appeal upon this court. It must appear that the asserted constitutional question is, in fact, reasonably involved. (*Econ-*

618

*omy Dairy Co.* v. *Kerner,* 371 Ill. 261.) The issue made in the trial court, decided there and presented here, is merely the correctness of the challenged judgment.

For the reason· that neither the validity of a statute nor a construction of the constitution is involved, within the contemplation of section 75 of the Civil Practice Act, (Ill. Rev. Stat. 1943, chap. 110, par. 199,) the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*