(No. 32098.—■■■■■■■■)

Liberty National Bank of Chicago, Appellant, *vs.*
Irving Metrick *et al.,* Appellees.

*Opinion filed November 27, 1951.*

HARRY G. FINS, of Chicago, for appellant.

GOTTLIEB & SCHWARTZ, and JESMER & HARRIS, both of Chicago, (CLAUDE A. ROTH, and H. R. BEGLEY, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The Liberty National Bank of Chicago, as trustee under a certain trust, brought suit against the Metrick Electric Company and the Checker Taxi Company, praying for a mandatory injunction to compel the removal of a metal telephone pole inserted along the edge of the sidewalk abutting premises claimed to be owned by the plaintiff. Appellees filed a motion to dismiss the complaint. The trial court sustained the motion and dismissed the complaint for want of equity. The decretal order contained a certificate of the trial judge that the validity of a municipal ordinance is involved and that public interest requires that an appeal be taken directly to this court.

In view of the fact that the decree of the trial court was rendered upon a motion to strike the complaint, it becomes necessary to detail, with some particularity, the facts alleged in the amended complaint. The pertinent allegations of the amended complaint are that the plaintiff was the owner of a certain lot in the city of Chicago, improved with a two-story, brick, store building in front of which, between the building and the street, was a public sidewalk.

It is then alleged that the city council of the city of Chicago passed an ordinance authorizing the commissioner of streets and electricity to grant permission to the Checker Taxi Company to erect a post in the parkway near its cabstand on the street in front of plaintiff's building, for the purpose of installing a telephone box. The metal post and telephone box were accordingly installed on the sidewalk adjacent to the cabstand of the taxi company, about 2½ feet from the curb line of the public street. It is also alleged that the ordinance passed by the city is null and void, is unreasonable and arbitrary, and that the erection of the pole deprived plaintiff of its property without due process of law, and violated its constitutional right that private property cannot be taken or damaged without just compensation.

The gist of the motion to dismiss the amended complaint was that the complaint failed to state a cause of action; that it failed to set out any interest of the plaintiff in the subject matter thereof; that erroneous conclusions of law were alleged; that no resulting damage to plaintiff appeared in the complaint; that plaintiff was not the proper party to bring the action for an injunction; and that plaintiff was not entitled to any remedy either at law or in equity on account of anything alleged in the complaint.

The final order of the trial court sustained the motion to dismiss the amended complaint, and, the plaintiff having elected to stand by its amended complaint, the suit was dismissed for want of equity. The order also overruled the contentions of the plaintiff that the acts of the defendants were in violation of plaintiff's rights under section 13 of article II of our State constitution, which guarantees that private property cannot be taken or damaged without just compensation, and also were in violation of the due process clause of our State constitution. At the end of the decree was a statement of the trial judge certifying

that there was involved in the case, and in the final order and judgment of the court, the validity of a municipal ordinance as set forth in the amended complaint, and that in his opinion public interest required a direct appeal to this court.

Appellant invokes the jurisdiction of this court to entertain a direct appeal on the theory that there is involved in this case (1) the validity of a municipal ordinance; (2) a construction of the constitution; and (3) a freehold. This court has only such appellate jurisdiction as is conferred upon it by law. (*Perlman* v. *Thomas Paper Stock Co.* 378 Ill. 238.) If it appears that this court is without jurisdiction of the appeal, we are bound to decline to proceed in the cause. *Flanagan* v. *Wilson*, 375 Ill. 179; *Prudential Ins. Co.* v. *Hoge*, 359 Ill. 36.

The trial judge certified that there was involved in the final order and judgment entered in the cause the validity of a municipal ordinance as set forth in the amended complaint. The complaint alleges that on November 15, 1950, the city council of the city of Chicago passed the following: "Ordered, that the Commissioner of Streets and Electricity be and he is hereby authorized and directed to grant permission to the Checker Taxi Company to erect a post in parkway on north side of W. 35th Street and within the Cabstand No. 274 space west of S. Halsted Street for the purpose of installing a telephone box." This allegation shows that the order of November 15, 1950, was not styled in accordance with section 10-1 of the Revised Cities and Villages Act. Section 10-1 prescribes that the style of an ordinance in cities shall be: "Be it ordained by the City Council of ———." (Ill. Rev. Stat. 1949, chap. 24, sec. 10-1.) The style of the ordinance,—that is, the enacting clause,—which expresses upon the face of the ordinance the authority by which it is enacted, is an essential and indispensable part thereof, and compliance with the statutory requirement is mandatory. (*City of Carlyle*

v. *Nicolay,* 333 Ill. 562.) The order of the city council of November 15, 1950, was nothing more than a mere resolution and in no sense an ordinance. (*Bullis* v. *City of Chicago,* 235 Ill. 472; *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago,* 174 Ill. 439.) The supposed ordinance set out in the amended complaint was not a valid ordinance of the city of Chicago and therefore constituted no basis for the certificate of the trial judge that the validity of a municipal ordinance was involved in the judgment dismissing the amended complaint. Such a certificate of the trial judge is ineffective to confer jurisdiction for a direct appeal to this court if it is contrary to what is shown in the record. *Schneider* v. *Board of Appeals,* 402 Ill. 536; *Village of Riverside* v. *Kuhne,* 397 Ill. 108; *Akouris* v. *Village of Oak Lawn,* 389 Ill. 582.

Before this court entertains an appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, the ruling on it must be preserved in the record for review, and error must be assigned upon it here. (*Jenisek* v. *Riggs,* 381 Ill. 290.) The validity of a statute or the construction of some provision of the constitution must be directly involved. (*Mandrake* v. *Schlaeger,* 393 Ill. 610.) The amended complaint does not contain any allegation challenging the constitutionality of any municipal ordinance of the city of Chicago or the validity of any statute under which the city exercised its authority to regulate the use of streets and sidewalks. There is no assignment of error preserving for review the question of the constitutionality of any municipal ordinance or statute whatsoever. If it does not appear from the pleadings that a construction of the constitution is involved, and no constitutional question is raised by the assignment of errors, no constitutional question is presented for review by this court. (*Vonesh* v. *City of Berwyn,* 324 Ill. 483.) The allegations of the complaint are to the effect

that appellee invaded the constitutional rights of appellant by inserting the pole, upon which a telephone box was attached, into the public sidewalk abutting appellant's premises, the underlying fee title to which is claimed by appellant. It also appears from the allegations of the amended complaint that appellees erected the pole pursuant to permission granted by the city council in its resolution of November 15, 1950. The statutory power of the city to regulate the use of sidewalks was not challenged. The question presented by the pleadings was whether or not the city had the power, under the statute, to pass the resolution directing appropriation of the sidewalk space to the use alleged in the amended complaint. Where the controversy relates only to the power of the city, under the statute, to pass an ordinance, or to the question whether an ordinance is invalid as being an unreasonable and oppressive exercise of that power, this court has no jurisdiction to entertain a direct appeal. (*City of Chicago* v. *Openheim,* 229 Ill. 313.) The effect of appellant's argument is that the exercise of the lawful power of the city to regulate the use of public sidewalks, as applied to the facts alleged in the amended complaint, violated its constitutional rights. A question which merely calls for the construction of a statute or an application of the statute to a certain state of facts is not sufficient to confer jurisdiction by direct appeal. (*Dean* v. *Board of Education,* 386 Ill. 156.) The mere allegation that the constitutional rights of appellant have been invaded is insufficient, in the absence of other grounds, to confer jurisdiction of a direct appeal upon this court. *Drury* v. *Hurley,* 402 Ill. 243; *Pickard* v. *Rice,* 391 Ill. 615.

The prayer of the amended complaint was for a mandatory injunction to compel appellees to remove the pole in question and to restore the premises to its former condition. The complaint failed to contain any allegation of fact showing the devolution of title to the sidewalk premises abutting the building and premises which appellant

claims to own. The primary object of the suit was not the recovery of a freehold estate. The title to the premises, upon which the telephone pole was situated, was not directly put in issue, and the final determination of the suit, as between the parties, would not necessarily result in one gaining and the other losing a fee-simple title. In such case we have held that a freehold is not involved. *Klein v. Mangan,* 369 Ill. 645.

The case, as presented on the pleadings, does not involve the validity of a municipal ordinance; neither does it involve a fairly debatable question of the validity of a statute or construction of the constitution; nor does it involve a freehold. Unless one of these is involved this court has no jurisdiction of a direct appeal even though the parties consent. *Chicago Bar Ass'n v. Kellogg,* 401 Ill. 375.

There being no question involved warranting a direct appeal, the cause will be transferred to the Appellate Court for the First District.