SCHOOL DISTRICT NUMBER 153, COOK COUNTY, *et al.*, Plaintiffs-Appellees, *v.* SCHOOL DISTRICT NUMBER 154½, COOK COUNTY, *et al.*, Defendants-Appellants.—(ILLINOIS OFFICE OF EDUCATION, Third-Party Defendant; ILLINOIS DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES, Intervenor.)

First District (1st Division)    No. 76-860

Opinion filed October 31, 1977.

John H. Hager, of Franke and Miller, of Chicago, for appellants.

David P. Kula, of Scariano & Associates, P. C., of Chicago Heights, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs, School District No. 153 and Shirley P. McDonald, a taxpayer residing within that district, filed suit for declaratory judgment against defendants. The suit was predicated on defendants' refusal to allow Miss Leslie Cissell, a handicapped minor, to enroll in a special education facility located in defendants' district. Defendants denied admission because Miss Cissell was residing in an Illinois Department of Mental Health facility located in a district not served by defendants' special education facility.

After hearing arguments, the trial court granted plaintiffs' motion for summary judgment. From that order defendants appeal arguing that the trial court erred (1) in finding that Miss Cissell was a "resident" of defendant School District No. 215 and therefore entitled to attend school there; and (2) in finding that section 14—7.01 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 14—7.01) applied in determining the reimbursement procedure for Miss Cissell's education.

We affirm.

The facts, though somewhat complicated, are not disputed. Plaintiff School District No. 153, Cook County, Illinois, is the administrative district for the Special Education Cooperative of South Cook County (SPEED). SPEED is comprised of and serves, by joint agreement, a

number of public school districts. Defendant School District No. 154½, Cook County, Illinois, is similarly the administrative district for another group of public school districts and is known as the ECHO Cooperative. Co-defendant School District No. 215 is a member of the ECHO Cooperative.

Defendant Florence Styber is the mother and legal guardian of Leslie Cissell, a handicapped minor. Mrs. Styber voluntarily placed Leslie in the Elisabeth Ludemann Center, an Illinois Department of Mental Health and Developmental Disabilities facility, located within the school districts served by plaintiff SPEED. This was done so that Miss Cissell could take advantage of the unique habilitative program offered at the Ludemann Center. However, at no time was Florence Styber a resident of one of the school districts served by plaintiff SPEED, but rather, was a resident of School District No. 215, a district served by defendant ECHO Cooperative. Mrs. Styber continues to be the legitimate parent and guardian of Miss Cissell and since her admission into the Ludemann Center has, on the average of two weekends per month, consistently withdrawn Leslie from the Center for weekend stays at her residence.

In November 1973 the Elisabeth Ludemann Center attempted to enroll Miss Cissell in the special education facility of defendant School District No. 215, the district wherein Mrs. Styber resides. Defendant School District No. 215 and defendant ECHO Cooperative refused to enroll Miss Cissell or provide any special education services for her on the grounds that she was ineligible for placement in the ECHO Cooperative. This view was based on the belief that the Illinois Office of Education (IOE) promulgated rules that defined Miss Cissell's "residence" as that of the school district in which the Ludemann Center is located, namely School District No. 227, a district served by plaintiff SPEED. Consequently, defendants argued that Miss Cissell had to attend school in School District No. 227 inasmuch as said district was legally responsible for her education by virtue of her residency there.

Subsequent to the Ludemann Center's failure to enroll Miss Cissell in the ECHO Special Education facility, the Ludemann Center attempted to enroll her in the plaintiff SPEED Cooperative. SPEED refused enrollment on the grounds that Miss Cissell's residence was not within one of their member districts, but rather, was with her mother in School District No. 215.

Consequently, plaintiff SPEED and Shirley P. McDonald, a taxpayer residing within a school district served by SPEED, filed suit for declaratory judgment. Specifically, they argued that the inability of Miss Cissell to be enrolled in a special education facility of the ECHO Cooperative denied plaintiff McDonald the equal protection of the law. At this point, it should be noted that although there were additional parties

to the suit, namely, a third-party defendant and an intervenor, these parties did not submit briefs or otherwise participate in the litigation.

After hearing arguments, the trial court granted plaintiffs' motion for summary judgment. The trial court held that for purposes of attending school, Miss Cissell was a legal resident of the school district of her parent's residence, namely defendant School District No. 215. As well, the trial court held that the legal residence of those similarly situated children who are voluntarily being treated at the Ludemann Center, is likewise the school district of parental residence. Consequently, the court held that the school district of parental residence is legally responsible for their special education. The court went on to hold that inasmuch as defendant School District No. 215 was either unwilling or unable to provide adequate special education facilities for Miss Cissell, then the school district in which the Ludemann Center is located had to provide such special education. However, relying on section 14—7.01 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 14—7.01) the trial court concluded that the costs incurred by plaintiff SPEED in providing special education were to be reimbursed by defendant School District No. 215.

On appeal, defendants argue that the trial court erred in holding that Miss Cissell and other children similarly placed at the Ludemann Center were residents of the school district of parental residence. Specifically, defendants argue that section 14—7.03 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 14—7.03) and the attendant rules and regulations promulgated by the Illinois Office of Education (Rule 15.09 of the Rules and Regulations to Govern the Administration and Operation of Special Education) state that mere physical presence in a Department of Mental Health facility establishes legal residence there. Defendants further argue that even if these provisions are not controlling, then under a traditional analysis of residency, Miss Cissell's residence was the school district in which the Ludemann Center is located.

■■ We cannot agree with either of these contentions. Section 4—7.03 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 14—7.03) is entitled "Special Education Classes for Children from Orphanages, Foster Family Homes, Children's Homes, or in State Housing Units" and states in relevant part:

> "If a school district maintains special education classes on the site of orphanages and children's homes, or if children from the orphanages, children's homes, foster family homes, other state agencies, or State residential units for children attend classes for handicapped children in which the school district is a participating member of a joint agreement, or if the children from the orphanages, children's homes, foster family homes, other state agencies, or State residential units attend classes for the

handicapped children maintained by the school district, then reimbursement shall be paid to eligible districts in accordance with Section 14—12.01 for each year ending June 30 through the regional superintendent on the warrant of the Comptroller."

It· is clear from a reading of this statute that it is primarily a reimbursement provision, addressing itself to the special education of children residing in orphanages, foster homes, children's homes or state agencies. The statute is not applicable in the instant case inasmuch as Miss Cissell has a responsible parent who continues to exercise custody and control over her.

■■ Further, defendants' contention that section 14—7.03 automatically makes a child who is residing in a Department of Mental Health facility a resident of the school district in which the facility is located, is without merit. We find no such legislative intent from our reading of the statute. Similarly, we find no such intent from our reading of Rule 15.09 and its accompanying rule, as promulgated by the Illinois Office of Education.

Defendants' argument that under a traditional analysis of "residency," Miss Cissell's residence, for school purposes, was the district in which the Ludemann Center is located, is also without merit. The general rule is that children, presumptively, are residents of the school district wherein their parents reside; however, for school purposes, this presumption may be rebutted. (*Turner v. Board of Education* (1973), 54 Ill.· 2d 68, 294 N.E.2d 264; *Dean v. Board of Education* (1944), 386 Ill. 156, 53 N.E.2d 875; *Ashley v. Board of Education* (1916), 275 Ill. 274, 714 N.E. 20; *Kraut v. Rachford* (1977), 51 Ill. App. 3d 206, 366 N.E.2d 497; *Board of Education v. McCaskill* (1918), 212 Ill. App. 138; *People ex rel. Saxe v. Board of Education* (1917), 206 Ill. App. 381.) These cases all proceeded upon an examination of these circumstances relating to parental control and custody.

*Saxe* involved the residency of a child sent to another school district to live with his grandmother. The court reasoned that the child remained a resident of his parents' school district, if he was living away from his parents for the primary purpose of attending school in his grandmother's district. However, in *Saxe*, the child was held to be a resident of his grandmother's school district because his care and custody had been transferred to the grandmother and he resided with her on a full-time, indefinite basis.

■■ Such is not the situation in the present case. Here, Miss Cissell's mother has not relinquished control and custody over her. Mrs. Styber placed her daughter in the Ludemann Center merely so that Leslie could take advantage of the unique habilitative program there. In fact, the record discloses that since Miss Cissell's placement in the Ludemann

Center, her mother has consistently taken her out of the Center on weekends. This was done so that she could be with her family. Consequently, because Miss Cissell's mother did not relinquish control and custody over her, Miss Cissell retained her parental residence. The same is true of the other similarly placed residents of the Ludemann Center.

Finally, defendants argue that the trial court erred in finding that section 14—7.01 of the School Code rather than section 14—7.03 was the applicable reimbursement provision. For the reasons stated previously, we find that section 14—7.03 is inapplicable to the instant case. However, section 14—7.01 states in relevant part:

> "Children attending classes in another district.) If a child, resident of one school district, because of his handicap, attends a class or school for any of such types of children in another school district, the school district in which he resides shall grant the proper permit, provide any necessary transportation, and pay to the school district maintaining the special educational facilities the per capita cost of educating such children." Ill. Rev. Stat. 1975, ch. 122, par. 14—7.01.

In the present case, Miss Cissell remained a resident of defendant School District No. 215. She was voluntarily placed at the Ludemann Center, though outside of her school district, "because of her handicap." However, defendant School District No. 215 remained responsible for her special education by virtue of her residency there. Consequently, when School District No. 215 refused to enroll her in one of their facilities, the Ludemann Center had no choice but to attempt to enroll her in a facility within their school district and such facility had an obligation to accept her. We agree with the trial court that in such a situation, according to the terms of section 14—7.01 of the School Code, the school district of parental residence must reimburse the costs incurred by the school district providing the special education of the child.

For the foregoing reasons, we affirm the order of the circuit court of Cook County.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.