NOTICE
Decision filed 10/01/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230470-U

NO. 5-23-0470

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| TRIUNE PROPERTIES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 22-MR-29 |
| | ) | |
| THE CITY OF MASCOUTAH and LAKESIDE | ) | |
| DEVELOPMENT, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Cates and Barberis concurred in the judgment.

**ORDER**

¶ 1   *Held*: Where the trial court's judgment was contrary to the manifest weight of the evidence, we reverse and remand.

¶ 2   Here, the trial court found that a section of a street in Mascoutah had been vacated; found that the plaintiff, Triune Properties (Triune), failed to establish common law dedication; and denied Triune's motion for a new trial based on newly discovered evidence. Following the following reasons, we reverse and remand.

¶ 3                         I. Background

¶ 4   At the core of this case is a meeting that was held in 1933 with the township commissioners of Mascoutah Township and Shiloh Valley Township. From the minutes of this 1933 meeting, its

1

purpose was to hear objections against vacating the roadway that "runs through Section 36, from the point of intersection of said road with the westerly Township line to a point approximately 1,000 feet easterly." Further noted in these minutes: "there being no objections, it was decided to vacate above described road as soon as the contemplated road is open in Shiloh valley heading from the above described road north to adjoining Route 12." The evidence in this case did not include any information that the contemplated road referenced in the minutes was ever constructed, or that an appropriate ordinance was ever enacted to vacate this section of roadway.

¶ 5   The issue raised in Triune's complaint involves a 600-foot westerly portion of Eisenhower Street[1] in Mascoutah that extends from West Main Street. The question is whether this 600-foot stretch of road was a public roadway. Eisenhower Street is bordered to the north by the former Mascoutah golf course and to the south by 1540 Eisenhower Street (owned by Triune), 1524 Eisenhower Street (owned by Faye Lehr and Cheryl Lehr), and 1512 Eisenhower Street (owned by Green Meadows Land Trust and managed by Rick Surmeier).

¶ 6   On November 1, 2019, Lakeside Development (Lakeside) acquired Mascoutah property that had previously been used as a golf course from Kurios Properties, managed by Linda Bailey. Linda Bailey also manages the properties Triune owns.

¶ 7   Lakeside's plan was to develop the former golf course into a residential subdivision. The golf course property is located on the north side of Eisenhower Street and runs alongside the entire disputed stretch of roadway. Prior to acquiring the property, Lakeside surveyed the corners of the property to establish the boundary lines. Lakeside's surveyor also prepared a preliminary plat for approval by Mascoutah. Lakeside made no objections to the boundary lines prior to completing

---

[1]For historical perspective, Eisenhower Street used to be known as Shawneetown Road and County Road (in the latter half of the 1800s), and then Belleville Mascoutah County Road (dates uncertain).

the purchase of the property. At some date after Lakeside acquired the golf course property, Mascoutah annexed the golf course property into the city limits.

¶ 8    After Lakeside's property was annexed by Mascoutah, Lakeside installed property pins in the paved surface of Eisenhower Street. Lakeside then sent notices to affected property owners[2] stating its intent to remove a portion of Eisenhower Street claiming that section of the road was located on Lakeside's side of the boundary line.

¶ 9    Three of the property owners along the disputed portion of Eisenhower Street testified at trial. Faye Lehr (Faye) testified that the entire time she and her sister owned the property, they used the disputed roadway as if it was a public roadway, and they had also witnessed traffic along the roadway. Faye testified that she had witnessed public traffic on the roadway as far back as the 1950s, including one vehicular accident. Rick Surmeier testified that he had operated a business in Mascoutah since the 1990s, and since that time, he believed that the disputed portion of the roadway was a public roadway. Bailey testified that she had no understanding or belief that her sale of the golf course property included the disputed section of Eisenhower Street in that she had always characterized Eisenhower Street as a public roadway. She testified that she had used the roadway as a public access point and had witnessed others using the roadway throughout the time she managed the property on behalf of Triune. Bailey testified about one vehicular accident that had occurred on the roadway.

¶ 10    The disputed section of the roadway had been maintained by Engelman Township for decades. The maintenance included oil and chip resurfacing (at least five times since 2005), snow removal, maintaining drainage ditches, and installing a culvert under Eisenhower Street.

---

[2]Lakeside sent notices to Eisenhower Street property owners, Bailey and Green Meadows Land Trust. Faye Lehr and Cheryl Lehr did not receive notice of Lakeside's plans.

¶ 11    On February 14, 2022, Triune filed this suit seeking to stop Lakeside from removing the roadway. The case advanced to a bench trial on November 21, 2022. At trial, Lakeside relied upon the testimony of its surveyor, Dale Woodard (Woodard), who prepared the final subdivision plat. Woodard testified that the 1933 vacation of the roadway was intended to extend from Silver Creek to South County Road—a distance of 2000 feet. Without any documentary evidence, Woodard also testified that a 30-foot-wide right-of-way was reestablished via prior plats located south of the current roadway and in the front yards of 1524 and 1512 Eisenhower.

¶ 12    After trial concluded, but before the trial court issued a judgment, Triune petitioned the court to reopen proofs based on newly discovered evidence. Triune sought to introduce historical plats recorded in 1857, 1861, 1863, 1976, and 1986, and an independent survey that contradicted Woodard's trial testimony. The 1857 plat identified Eisenhower Street as County Road with a right-of-way width of 66 feet. The 1861 plat reflected Hagests Subdivision, a subdivision referenced by Woodard in his trial testimony. The 1863 plat identified Eisenhower Street as County Road. The 1976 plat identified Eisenhower Street as having a 60-feet-wide right-of-way ending at the boundary line of 1512 Eisenhower Street. The 1986 plat identified Eisenhower Street as having a right-of-way width of 60 feet. The independent survey commissioned by Triune verified that Eisenhower Street is a public roadway with a 60-feet right-of-way that dead ends at the boundary line of 1512 Eisenhower Street. Triune argued that there was no evidence that the relevant portion of the roadway was vacated in 1933. Triune's independent surveyor concluded that Lakeside's surveyor, Woodard, (1) intentionally misled the court to extend the alleged 1933 vacation of the roadway from 1000 feet to 2000 feet and (2) erroneously testified that a portion of the roadway was deeded to Lakeside by Bailey's company, Kurios Properties. Finally, Triune argued that it had evidence the survey plat prepared by Woodard for Lakeside's planned

4

subdivision did not meet the minimum standards pursuant to Illinois law, and thus could not constitute a boundary survey. 68 Ill. Adm. Code 1270.56 (2015).

¶ 13    The trial court did not rule on the motion to reopen proofs and entered judgment on December 5, 2022, finding in part that Eisenhower Street was vacated in 1933. The trial court indicated its reliance upon Woodard's testimony and concluded that the right-of-way was located south of the current roadway and located on Lakeside Development's property. The trial court also characterized the use of this section of Eisenhower Street as "permissive" and found that Triune failed to establish a common law dedication that would have reestablished the public aspect of that section of Eisenhower Street.

¶ 14    After the trial court entered judgment, Triune filed a motion seeking a new trial based on the previously submitted newly discovered evidence. On June 16, 2023, the court denied Triune's motion stating that "there is no valid basis to either reconsider the Judgment or grant a new trial." Triune timely appealed.

¶ 15                                II. Analysis

¶ 16    Triune argues that the trial court improperly based its judgment in favor of Lakeside Development by concluding that Eisenhower Street was vacated (based upon minutes from the 1933 township meeting), and improperly concluded that Eisenhower Street was vacated from Silver Creek to County Road South, a distance double the amount referenced in the 1933 meeting minutes. Alternatively, Triune argues that even if Eisenhower Street was vacated pursuant to the 1933 meeting, Eisenhower Street would have been reestablished as a public roadway through common law dedication. Finally, Triune argues that the trial court erred in denying its motion to reopen proofs, and/or denying its motion for a new trial.

¶ 17 The standard of review in a bench trial is whether the trial court's judgment is against the manifest weight of the evidence. *Camelot, Inc. v. Burke, Burns & Pinelli, Ltd.*, 2021 IL App (2d) 200208, ¶ 50; *Avenaim v. Lubecke*, 347 Ill. App. 3d 855, 861 (2004). A judgment is against the manifest weight of the evidence when the opposite conclusion is apparent or when the findings appear to be unreasonable, arbitrary, or not based on the evidence. *Camelot, Inc.*, 2021 IL App (2d) 200208, ¶ 50; *Avenaim*, 347 Ill. App. 3d at 861. Our review of the trial court's vacation of Eisenhower Street is *de novo* as it involves the application of law to the applicable facts. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173 (2011) (citing *City of Champaign v. Torres*, 214 Ill. 2d 234, 241 (2005)); see also *Brown v. Illinois State Police*, 2021 IL 126153, ¶ 32.

¶ 18 We turn to statutory law on the process required for a street to be vacated by a municipality. We note that Lakeside Development argues that Triune waived any statutory argument by not raising such argument during trial, in its motion to reopen proofs, or motion for a new trial. See *Jackson v. Hooker*, 397 Ill. App. 3d 614, 617 (2010). While Triune did not specifically raise the statutory issue in its two posttrial motions, Triune did raise the issue in its written closing argument filed November 21, 2022. Because our review of the issues is *de novo*, we find that this issue was not waived for appellate review. See generally *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 127 (1995) (stating that because the pleading must be reviewed *de novo*, whether Consolidated Communications, Inc., preserved its argument for consideration "is neither a limitation on the nature or the parameters of our review"). Accordingly, we review the statutory requirements for vacating a street to determine if the trial court's order was proper. *Brown*, 2021 IL 126153, ¶ 32.

¶ 19 The applicable law was originally codified by the Street Vacation Act of 1912 and was amended in 1923. Cahill's Stat. 1925, ch. 145, ¶ 1; Ill. Rev. Stat. 1925, ch. 145, ¶ 1. The statute states:

> "Whenever the city council of any city, or the board of trustees of any village or town, whether incorporated by special Act or under any general law, or the council of any city or village operating under the commission or managerial form of government, shall determine that public interests will be subserved by vacating any street or alley, or part thereof, within their jurisdiction, they may by ordinance vacate such street or alley, or part thereof; provided that any such ordinance shall be passed by the affirmative vote of at least three-fourths of the members of such city council or of such board of trustees or of such council, authorized by law to be elected; such vote to be taken by ayes and noes and entered on the records of such council or board. Such corporate authorities, in behalf of any such city, town or village, may in such case contract for and receive from the owner or owners of property abutting upon such street or alley, or part thereof, so vacated, compensation in an amount which, in the judgment of such corporate authorities, shall be equal to the benefits which will accrue to the owner or owners of such abutting property by reason of such vacation. *** The determination of such corporate authorities that the nature and extent of the public use or public interest to be subserved is such as to warrant the vacation of such street or alley, or part thereof, so vacated, shall be final and conclusive, and the passage of such ordinance shall be sufficient evidence of such determination, whether so recited in the ordinance or not. The relief to the public from further burden and responsibility of maintaining such street or alley, or part thereof, so vacated, shall constitute a public use or public interest authorizing such vacation. ***" *Id.*

7

The powers granted by the Street Vacation Act of 1912 are conferred upon the authorities and may only be exercised within the terms of the grants. *Nielsen v. City of Chicago*, 330 Ill. 301, 308-09 (1928). Here, the municipal authorities were required to pass an ordinance vacating the disputed roadway by a three-fourths majority vote. Cahill's Stat. 1925, ch. 145, ¶ 1; Ill. Rev. Stat. 1925, ch. 145, ¶ 1.

¶ 20    To be an effective ordinance, the document must be styled or labeled as an ordinance. See *Liberty National Bank of Chicago v. Metrick*, 410 Ill. 429, 432 (1951). The enacting clause of an ordinance is essential and an indispensable part of mandatory compliance with the statutory requirements. *City of Carlyle v. Nicolay*, 333 Ill. 562, 565 (1929). If the entity enacting an ordinance fails to abide by the strict statutory requirements, the resulting document is no more than a resolution and is not an ordinance. *Liberty National Bank of Chicago*, 410 Ill. at 433.

¶ 21    Here, the minutes from the 1933 meeting referred to a condition precedent for the vacation of this section of the roadway to take effect. A roadway needed to be constructed that would connect what is now known as Eisenhower Street to a contemplated roadway called Route 12. Lakeside introduced no evidence confirming that this connecting roadway was ever constructed. More importantly, the evidence does not establish that an ordinance was ever passed in 1933 vacating the disputed portion of "Eisenhower Street." However, the trial court's judgment is in part based upon this alleged vacation: "The northern half of the approximately 600 foot section of Eisenhower Street between the Apartments and the Horse Ranch that is part of Lakeside is not a Public Street since it was vacated in 1933 and it has not been reestablished by public use." The trial court's judgment was premised upon a factual event that never occurred—the 1933 vacation of 600 feet of what is now known as Eisenhower Street. Accordingly, we conclude that the trial court's judgment is contrary to the manifest weight of the evidence because there was no 1933

8

vacation of the applicable section of roadway, and thus the opposite conclusion is apparent and/or the court's findings were unreasonable, arbitrary, or not based on the evidence. *Camelot, Inc.*, 2021 IL App (2d) 200208, ¶ 50; *Avenaim*, 347 Ill. App. 3d at 861. We reverse the trial court's judgment in favor of Lakeside and the City of Mascoutah and remand for further proceedings.

¶ 22    Because of our determination that the trial court's judgment must be reversed, we do not reach Triune's alternate arguments: (1) that the length of the roadway discussed in the 1933 minutes was substantially less than referenced in the trial court order; and (2) that Triune established that the roadway became a public roadway by common law dedication. As we have concluded that the judgment must be reversed, we further decline to review the trial court's failure to rule upon Triune's request to reopen proofs and the denial of its motion for a new trial.

¶ 23                                III. Conclusion

¶ 24    For the foregoing reasons, the judgment of the circuit court of St. Clair County is hereby reversed and the cause is remanded for further proceedings consistent with this order.


¶ 25    Reversed and remanded.